UNITED STATES, Appellee,

v.

Roberto ORTIZ, Defendant–Appellant.

No. 05–2837–cr.

United States Court of Appeals, Second Circuit.

March 20, 2007.

See also, 367 F.Supp.2d 536.

Elie Honig & Katherine Polk Failla, Assistant United States Attorneys (Michael J. Garcia, United States Attorney for the Southern District of New York, on the brief), New York, NY, for Appellee.

Julia Pamela Heit, New York, NY, for Defendant–Appellant.

PRESENT: Hon. RICHARD J. CARDAMONE, Hon. CHESTER J. STRAUB, Hon. J. CLIFFORD WALLACE,* Circuit Judges.

### SUMMARY ORDER

Roberto Ortiz appeals from a judgment entered June 6, 2005 in the United States

---

* The Honorable J. Clifford Wallace of the United States Court of Appeals for the Ninth Circuit, sitting by designation.

District Court of the Southern District of New York (Sidney H. Stein, *Judge* ) following a jury trial, at the conclusion of which he was convicted of possession of a firearm after having been convicted of a felony in violation of 18 U.S.C. § 922(g), witness tampering in violation of 18 U.S.C. § 1512(b)(1), and evidence tampering in violation of 18 U.S.C. § 1512(c)(1). We assume the parties' familiarity with the facts, procedural history, and issues on appeal. For the following reasons, we affirm.

■ Ortiz first argues that he was deprived of his right to present a defense under the Sixth Amendment when the District Court denied some of his counsel's requests for trial adjournments. The matter of whether or not to adjourn a trial date "is traditionally within the discretion of the trial judge, and it is not every denial of a request for more time that violates due process even if the party fails to offer evidence or is compelled to defend without counsel." *Ungar v. Sarafite,* 376 U.S. 575, 589, 84 S.Ct. 841, 849, 11 L.Ed.2d 921 (1964); *see Avery v. Alabama,* 308 U.S. 444, 446, 60 S.Ct. 321, 322, 84 L.Ed. 377 (1940). "[O]nly an unreasoning and arbitrary 'insistence upon expeditiousness in the face of a justifiable request for delay' violates the right to the assistance of counsel." *Morris v. Slappy,* 461 U.S. 1, 11–12, 103 S.Ct. 1610, 1616, 75 L.Ed.2d 610 (1983) (quoting *Ungar v. Sarafite,* 376 U.S. at 589, 84 S.Ct. at 849). A district court's rulings regarding the conduct of a trial will not be disturbed on appeal absent an abuse of discretion. *See United States v. Carson,* 52 F.3d 1173, 1188 (2d Cir.1995), *cert. denied* 516 U.S. 1122, 116 S.Ct. 934, 133 L.Ed.2d 861 (1996). Specifically, denial of an adjournment request "will not be disturbed unless clear abuse is shown; to

make that showing, the complaining party must establish both that the denial of the adjournment was arbitrary, and that it substantially impaired the presentation of his case." *Sequa Corp. v. GBJ Corp.,* 156 F.3d 136, 148 (2d Cir.1998). "We are particularly solicitous of a district court's ruling on a motion to adjourn the scheduled start of a trial proceeding." *Id.* at 147–148.

In the present case, appellant argues that his Sixth Amendment right to present a defense was violated when the District Court denied pre-trial and mid-trial requests for adjournment. However, appellant has not met his burden of showing that the denials were arbitrary.

First, in December 2004, after appellant's previous lawyer was relieved as counsel due to a conflict of interest, appellant requested that the court appoint a lawyer who had previously represented appellant. The District Court specifically stated that while appellant did not have the right to counsel of his choice, the lawyer would only be appointed if she were available to proceed to trial in late January 2005. After she informed the court that she would be available at that time, the court appointed her as counsel and set a trial date of January 24, 2005. However, in mid-January, defense counsel requested adjournment of the trial date in order to give her more time to prepare. The District Court adjourned the trial date to January 26, 2005. On January 25, defense counsel again requested adjournment, this time to review discovery and to obtain additional discovery from the government; however, Judge Stein denied the request, explaining that he had already granted an adjournment and that the government had made timely disclosure of discovery materials. On January 26, the day the trial

was scheduled to begin, defense counsel again made a request for adjournment, stating that she needed additional time to prepare. Judge Stein again denied the request, noting that defense counsel had specifically stated that she would be available for trial at the end of January and that there had already been three adjournments in the trial. Given the District Court's numerous reasons for denying requests to adjourn the initial trial date, we find that the denials were not arbitrary; thus, appellant's argument fails.

■ Appellant also argues that the District Court's denial of his counsel's mid-trial requests for adjournment was unconstitutional. We disagree. On February 8, 2006, after the close of the government's case and after the District Court had granted multiple adjournment requests due to defense counsel's health, she requested another adjournment in order to be able to conduct additional investigation into a "rogue cop" defense. Judge Stein, after stating concerns about the admissibility of evidence concerning that defense, granted a one day adjournment. Thereafter, defense counsel requested yet another adjournment in order to be able to use recently received evidence to put forth the "rogue cop" defense, and to obtain files she had left at her apartment. Judge Stein, reasoning that testimony concerning the "rogue cop" defense was inadmissible and that defense counsel had already been given multiple adjournments, denied her request. Appellant has again failed to demonstrate that the District Court's denial of the adjournment request was arbitrary. The mere fact that another judge might have granted the request for adjournment in a similar situation is unavailing. *Ungar v. Sarafite*, 376 U.S. at 591, 84 S.Ct. at 850 ("These matters are, of course, arguable,

and other judges in other courts might well grant a continuance in these circumstances. But the fact that something is arguable does not make it unconstitutional. Given the deference necessarily due a . . . trial judge in regard to the denial or granting of continuances, we cannot say these denials denied [the defendant] due process of law.").

■ Ortiz also argues that the evidence tampering verdict was not supported by legally sufficient evidence proving his guilt beyond a reasonable doubt. 18 U.S.C. § 1512(c)(1) provides that "[w]hoever corruptly . . . alters, destroys, mutilates, or conceals a record, document, or other object, or attempts to do so, with the intent to impair the object's integrity or availability for use in an official proceeding . . . shall be fined under this title or imprisoned not more than 20 years, or both." Appellant argues that the government must prove beyond a reasonable doubt that the defendant knew that his conduct was likely to affect the official proceeding. In *United States v. Aguilar*, 515 U.S. 593, 115 S.Ct. 2357, 132 L.Ed.2d 520 (1995), the United States Supreme Court held that proof of this "nexus" was required to sustain a conviction of obstruction of justice in violation of 18 U.S.C. § 1503, and in *Arthur Andersen LLP v. United States*, 544 U.S. 696, 125 S.Ct. 2129, 161 L.Ed.2d 1008 (2005), the Supreme Court held that 18 U.S.C. § 1512(b)(2) similarly imposed a mens rea requirement. Recently, this Court held that the "nexus requirement" established in *Aguilar* applies to 18 U.S.C. § 1512(c)(2). *United States v. Reich*, 479 F.3d 179, 185 (2d Cir.2007). Assuming without deciding that the requirement also applies to the provision of the statute at issue in the present case, 18 U.S.C. § 1512(c)(1), the evidence must show that

appellant's conduct had "a relationship in time, causation, or logic with the judicial proceedings." *Aguilar*, 515 U.S. at 599, 115 S.Ct. 2357.

In evaluating the sufficiency of the evidence underlying appellant's conviction, we view that evidence in the light most favorable to the government. To prevail on a sufficiency challenge, a defendant must show that no rational trier of fact could have found the essential elements of the crime charged beyond a reasonable doubt. *See United States v. Plitman*, 194 F.3d 59, 66 (2d Cir.1999). Accordingly, this court must affirm the conviction if *"any* rational trier of fact could have found the essential elements of the crime beyond a reasonable doubt." *United States v. Pierce*, 224 F.3d 158, 164 (2d Cir.2000) (quoting *Jackson v. Virginia*, 443 U.S. 307, 319 99 S.Ct. 2781, 2783, 61 L.Ed.2d 560 (1979)). We must "consider the evidence in its totality, not in isolation." *United States v. Autuori*, 212 F.3d 105, 114 (2d Cir.2000).

In this case, a review of the record shows that the government presented evidence at trial sufficient to support the jury's finding of guilt. At trial, Ortiz's co-defendant, David Reyes, testified that he, Ortiz, and the confidential informant drove around in Ortiz's white Lexus as they discussed their plans to commit a robbery. Reyes also testified that as he exited the vehicle, he saw Ortiz reach into the glove compartment of the Lexus; however, he did not see what Ortiz did in the glove compartment. The government also presented a series of recorded telephone calls that Ortiz made from prison just before his original trial date (though approximately ten months after his arrest) to his girlfriend, Jennifer Colon, and others in which he instructed them to hide the Lexus from the government. In one of the phone calls, Ortiz asked Colon about her recent conversation with a federal agent, "[w]hen they asked you about the car, what did you tell them?" When she responded, "I told them I got it," Ortiz stated, "[o]h my god. Why you do that?" Ortiz then instructed Colon to give the car to Jay Byron, stating, "the most important thing is that [Byron] get the car." In another conversation, Ortiz told an unidentified male, "I need you to take the Lex, man.... I don't care what you do with it, kid." At trial, Colon testified that, at Ortiz's instruction, she had arranged for "someone" to pick up the car from a parking lot. It is not disputed that the government never found the Lexus. Given the content and timing of the phone conversations and the fact that Ortiz did not care what happened to the Lexus as long as it was taken away, the evidence is sufficient such that, even were the "nexus requirement" to apply, a rational fact-finder could find that Ortiz's conduct had "a relationship in time, causation, or logic with the judicial proceedings," and thus find Ortiz guilty of evidence tampering beyond a reasonable doubt.

We have carefully considered all of Ortiz's remaining arguments and find them to be without merit. Accordingly, the judgment of the district court is AFFIRMED.